The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| JASON L. WISE | ) |
| | ) CASE NO. 08-60318 |
| | ) |
| Debtor. | ) JUDGE RUSS KENDIG |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

On January 18, 2011, chapter 7 trustee Anne Piero Silagy ("trustee") filed her Second Notice of Proposed Sale of Personal Property of the Estate Other than in the Ordinary Course of Business ("notice of sale"). The notice of sale is now before the court.

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

The notice of sale asks the court to authorize the trustee to sell property of the estate consisting of rights and obligations pursuant to a "certain Pick-Up and Delivery Contractor Operating Agreement between the Debtor and FedEx Ground Package System, Inc." (the "FedEx

routes"). The notice of sale proposes to sell the FedEx routes to Amy Sorkin or her designee in exchange for (i) $45,000 in cash and (ii) waiver of claim 5-1 in the amount of $331,150. No prospective buyer other than Amy Sorkin is mentioned in the notice of sale.

On February 6, 2011, debtor filed a motion to stay the sale pursuant to the Servicemembers' Civil Relief Act. The court denied this motion in an order filed March 21, 2011. On February 7, 2011, debtor filed an objection to the notice of sale. The objection states that "[d]ebtors . . . believe that they have a better plan for sale which will benefit more individuals." However, the objection does not provide any details concerning the debtor's plan. Finally, on March 4, 2011, the debtor objected to claim 5-1.

On May 9, 2011, the court held a hearing on the notice of sale. At the hearing, David L. Smith represented the debtor, Richard Nemeth represented Ms. Sorkin, John J. Rutter represented the trustee and prospective buyer George Saad represented himself. At some point after the filing of the notice of sale, Mr. Saad offered the trustee $300,000 in cash for the acquisition of the FedEx routes. At the hearing, the trustee stated that she now prefers Mr. Saad's offer to Ms. Sorkin's. The trustee's first mention of Mr. Saad's offer was in a memorandum filed the morning of the hearing.

The primary focus of the hearing was whether Ms. Sorkin or Mr. Saad had made the highest and best offer for the FedEx routes.[1] The parties agree that Mr. Saad's offer would result in a 74.46% distribution to general unsecured creditors. The parties disagree, however, regarding the percentage distribution under Ms. Sorkin's bid. The trustee calculates that Ms. Sorkin's bid would also result in a 74.46% distribution to unsecured creditors, while Ms. Sorkin calculates that her bid would more than pay the unsecured creditors' claims in full.

The only difference in the parties' calculations is the trustee's maximum commission. The trustee calculates that her maximum commission under Ms. Sorkin's offer would be $17,828.75, while the debtor calculates that the trustee's maximum commission should be $2,552.38. The trustee contends that her commission should be calculated based on both the value of Ms. Sorkin's claim and the $45,000 in cash paid by Ms. Sorkin. Ms. Sorkin, on the other hand, argues that the trustee should earn commission on the $45,000 in cash but should not earn commission on the value of Sorkin's claim.

The trustee stated at hearing that she prefers the all cash offer because of debtor's claim objection, which throws the value of claim 5-1 into doubt. However, at the hearing, the trustee stated that she knew of no basis for debtor's objection, and the debtor produced no evidence suggesting that claim 5-1 is invalid. Furthermore, the signed contract attached to claim 5-1 is evidence of the existence of a debt.

---

[1]The debtor never presented the details of his bid and is thus eliminated from consideration.

## LAW AND ANALYSIS

The court finds no basis for debtor's objection to claim. Therefore, the parties' dispute boils down to whether the trustee is entitled to a commission on value provided to the estate (such as forgiveness of a claim) other than money. If Ms. Sorkin has calculated the trustee's maximum commission correctly, it is clear that she has the higher and better bid.

The maximum compensation allowed to a trustee is governed by 11 U.S.C. § 326, which provides that

> [i]n a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon *all moneys disbursed* or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

(emphasis added). This court has held that, under the plain language of the statute, the trustee can only receive a commission on "moneys disbursed" to creditors. In re The Landing, Inc., 142 B.R. 169, 172 (Bankr. N.D. Ohio 1992).

Forgiveness of a claim does not involve a disbursement of money, and the trustee does not give the court any reason to reconsider its previous holding or make any effort to distinguish the facts of the present case. Accordingly, the court finds that Ms. Sorkin has calculated the trustee's maximum commission correctly and has the higher and better bid.

The court also finds that the trustee did not give adequate notice of her intent to sell to Mr. Saad. The sale of a debtor's assets outside the ordinary course of business is governed by 11 U.S.C. § 363(b), which requires "notice and a hearing." The trustee's first mention of her intent to sell to Mr. Saad was filed the morning of the hearing. This notice was inadequate to alert interested parties and allow them to object. No auction process was established.

Accordingly, the court authorizes the trustee to sell the FedEx routes to Ms. Sorkin under the terms outlined in the notice of sale.

An order will issue with this opinion.

\#    \#    \#

## Service List:

Jason L Wise
1151 Rolena Circle NW
Canton, OH 44708

Anne Piero Silagy, Esq
Canton
220 Market Ave S
#900
Canton, OH 44702

David L Smith
130 South Lisbon Street
PO Box 175
Carrollton, OH 44615

Matthew Petit
116 Cleveland Ave N
Suite 808
Canton, OH 44702

Robert H Cyperski, Aty
1201 30th St NW
Ste 102-B
Canton, OH 44709

Bruce R Schrader, II
Roetzel & Andress
222 S Main St
Suite 400
Akron, OH 44308

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Michael J. Carey
Roetzel & Andress
222 South Main Street
Akron, OH 44038